UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CABLEVISION SYSTEMS NEW YORK CITY
CORPORATION,

                      Plaintiff,              REPORT AND
                                                 RECOMMENDATION
      -against-
                                                 02 CV 372 (NG)(RML)
WINSTON FRASER,

                      Defendant.
----------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated September 5, 2008, the Honorable Nina Gershon, United States District Judge, granted plaintiff's motion to strike defendant's answer, directed the Clerk of the Court to enter a default judgment against defendant, and referred this matter to me for a Report and Recommendation on the amount of damages and attorney's fees, if any, to which plaintiff is entitled. For the reasons stated below, I respectfully recommend that judgment be entered in favor of plaintiff and against defendant Winston Fraser in the amount of $6,281.50. I further recommend that plaintiff be awarded $6,100 in attorney's fees and costs.

## BACKGROUND AND FACTS

        Familiarity with my previous Report and Recommendation, dated January 14, 2003 ("R&R"), is assumed. On February 13, 2003, Judge Gershon adopted the R&R (see Order Adopting Report and Recommendations, dated Feb. 13, 2003), and a judgment was entered against defendant Winston Fraser ("defendant") in the amount of $6,622, for the unauthorized interception and theft of the cable television programming services of plaintiff Cablevision Systems New York City Corporation ("plaintiff") (see Judgment, dated Feb. 14, 2003).

        On August 14, 2006, defendant moved to vacate the judgment, stating that he had

changed residences and had not received notification of the claim or judgment against him until the previous week. (See Motion to Vacate Judgment, filed Aug. 14, 2006; Affidavit of William Fraser, sworn to Aug. 11, 2006.) With the consent of both parties, Judge Gershon granted the motion to vacate and directed plaintiff to re-serve the complaint. (See Order, dated Sept. 5, 2006.)

On September 26, 2006, defendant filed an answer. (See Answer, dated Sept. 26, 2006.) The parties then appeared at an initial conference on November 29, 2006, at which they agreed to a settlement on the record. However, defendant never paid the amount due under the settlement, and he later failed to attend scheduled court conferences or respond to plaintiff's efforts to contact him.

On January 17, 2008, plaintiff filed a motion to strike the answer and enter a default judgment against defendant. (See Plaintiff's Memorandum of Law in Support of Motion to Strike Defendant's Answer and for Entry of Default Judgment, dated Jan. 17, 2008.) Judge Gershon granted plaintiff's motion (see Order, dated Sept. 5, 2008), and a default judgment was entered against defendant on September 11, 2008. Following the referral, I directed the parties to serve and file inquest submissions. (See Order, dated Sept. 10, 2008.) Plaintiff timely filed its inquest submission on October 23, 2008; defendant again failed to respond.

## DISCUSSION

A.  Statutory Damages under the Communications Act

Plaintiff seeks to recover statutory damages in the amount of $6,218.50. (Plaintiff's Memorandum of Law in Support of Application for Award of Damages Against Defaulting Defendant Winston Fraser, dated Oct. 14, 2008 ("Pl.'s Mem."), at 9.) This is the

amount of damages I previously recommended (see R&R at 4-9), and the relevant facts have not changed. Therefore, I again respectfully recommend that plaintiff be awarded $6,218.50 in statutory damages.

    B.    <u>Attorney's Fees</u>

I previously recommended that plaintiff be awarded $340.50 in attorney's fees and costs. (See R&R at 10-11.) Plaintiff is also entitled to recover reasonable attorney's fees and costs incurred after the issuance of that report and recommendation. See 47 U.S.C. § 605(e)(3)(B)(iii); see also <u>Int'l Cablevision, Inc v. Sykes</u>, 997 F.2d 998, 1009-10 (2d Cir. 1993); <u>Time Warner Cable of N.Y. City v. U.S. Cable T.V., Inc.</u>, 920 F. Supp. 321, 329 (E.D.N.Y. 1996). In calculating a "presumptively reasonable fee" award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 183-84 (2d Cir. 2008). Reasonable hourly rates are determined by reference to, inter alia, fees in the community in which the action is pending and the skill and experience of the attorneys who worked on the matter. See, e.g., <u>Luciano v. Olsten Corp.</u>, 109 F.3d 111, 115-16 (2d Cir. 1997). <u>See generally</u> <u>Arbor Hill</u>, 522 F.3d at 184. The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. See <u>Cruz v. Local Union No. 3 of IBEW</u>, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983)).

Here, plaintiffs' counsel charged rates of $200 per hour for law firm partners and $95 per hour for paralegals. (Declaration of Michael D. Cassell, Esq., dated Oct. 14, 2008 ("Cassell Decl.), ¶¶ 4-7.) I find the hourly rate for partners reasonable and in line with rates

awarded in this area to counsel with comparable experience.  See, e.g., Hyeon Soon Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) ("[H]ourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners . . . and $70 to $80 for legal assistants.").  However, I respectfully recommend that the hourly rate for paralegals be reduced to $75, which is within the range that has been approved by courts in this district.  See, e.g., id.; Garden City Boxing Club, Inc. v. Extasis Corp., No. 07 CV 3853, 2008 WL 3049905, at *8 (E.D.N.Y. Aug. 1, 2008) (approving paralegal billing rate of $75 per hour); Lynch v. Town of Southampton, 492 F. Supp. 2d 197, 212 (E.D.N.Y. 2007) (awarding a rate of $75 per hour for the work of a para-professional).

As for the number of hours expended, in the Second Circuit applications for attorney's fees must be supported by contemporaneous time records specifying relevant dates, time spent, and work done.  See Cruz, 34 F.3d at 1160; Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986); N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).  In accordance with this requirement, plaintiff has submitted contemporaneous time records indicating that Michael D. Cassell, Esq. worked 23.20 hours, at an hourly rate of $200, for a total of $4,640 (Cassell Decl. ¶ 8; Ex. G), and that Shaun K. Hogan, Esq. worked 5 hours at an hourly rate of $200, for a total of $1,000 (Cassell Decl. ¶ 9; Ex. H).  In addition, the time records show that paralegal Janine P. Zabbia worked 0.6 hours (Cassell Decl. ¶ 10; Ex. I), and that paralegal Chiara Stolfa worked 1 hour (Cassell Decl. ¶ 11; Ex. J).  Applying the reasonable rates for paralegals, the total for the work of Zabbia should be reduced to $45 (0.6 hours at an hourly rate of $75), and the total for the work of Stolfa should be reduced to $75 (1 hour at an hourly rate of $75).

As the time records indicate, plaintiff's counsel spent this time preparing for and participating in court conferences, drafting correspondence to defendant and the court, and researching and drafting the motion for default judgment. I have reviewed counsel's time records and I find the number of hours reasonable. I therefore respectfully recommend that, in addition to the $340 that was previously recommended, plaintiff be awarded $5,760, for a total award of $6,100 in attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff be awarded $6,218.50 in statutory damages and $6,100 in attorney's fees and costs, for a total of $12,318.50. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Gershon and to my chambers, within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      May 13, 2009